UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:20-cv-21648

JOCELYN EPPERSON,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
A foreign corporation,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

Plaintiff, JOCELYN EPPERSON ("Plaintiff"), by and through undersigned counsel, sues Defendant, ROYAL CARIBBEAN CRUISES LTD. ("Defendant" or "RCCL"), and demands trial by jury, stating as follows:

## PARTIES AND JURISDICTION

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. This Court also have diversity jurisdiction over the parties under 28 U.S.C.§ 1332.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is *sui juris* and is a resident and citizen of California.

6. Defendant, RCCL, is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing

business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

7. Defendant, RCCL, is a foreign corporation based in Liberia and registered to do business in the State of Florida.

8. Defendant, RCCL, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

    b. Had an office or agency in this state and/or county; and/or

    c. Engaged in substantial activity within this state; and/or

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

9. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

10. At all times material hereto, Defendant, RCCL, owned, operated, managed, maintained and/or controlled the private island of CocoCay, formerly known as Little Stirrup Cay, located in the Berry Islands, Bahamas. Defendant, RCCL, assumed the lease of the island upon acquisition of Admiral Cruises in 1988 and renamed it Coco Cay. The only way to get to CocoCay is via a Royal Caribbean cruise.

11. The private island is completely tourist oriented. Attractions include the tallest waterslide in North America, helium balloon rides, the largest freshwater pool in the Bahamas, and access to the Oasis Lagoon and its private cabanas.

12. In 2018, Defendant, RCCL, made US $200 million improvements to the facilities, including upgrading port facilities to allow docking of their largest cruise ships.

13. On or about July 22, 2019, Plaintiff was a fare paying passenger on Defendant's vessel, the *Harmony of the Seas*, which called on CocoCay.

14. As Plaintiff traversed the Oasis Lagoon in a normal and proper manner, she tripped on an unmarked, anomalous hole that was camouflaged to blend in with the rest of the sand. This hole was not obvious and presented a tripping hazard to unsuspecting passengers. As a result of the fall, Plaintiff suffered a left foot fracture which required surgery.

15. Following the incident, Plaintiff went to the medical center aboard Defendant's ship, the *Harmony of the Sea*, where Plaintiff was seen by the ship's medical staff, including its physician, whom failed to properly diagnose Plaintiff's injury.

16. Defendant, RCCL, caused this incident by failing to have procedures and safeguards in place, like warning signs and/or routine inspections of the subject area to prevent incidents like Plaintiff's.

17. All conditions precedent for filing and maintaining this action have been fulfilled, performed, waived, or do not apply.

## **COUNT I – NEGLIGENCE**

18. Plaintiff incorporates by reference and re-alleges as though originally alleged herein the allegations of paragraphs 1 through 17 and further alleges:

19. Defendant, RCCL, owed Plaintiff the duty to exercise reasonable care under the circumstances.

20. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for, and resolve, dangerous, hazardous, and/or risk-creating conditions that passengers, including the Plaintiff, will likely encounter.

21. Such duties also include, but are not limited to, the duty to maintain its private island in a reasonably safe condition for the use and enjoyment of its passengers.

22. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

23. On or about July 22, 2019, Defendant, RCCL, and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

24. On or about July 22, 2019, the Plaintiff was injured while traversing a pathway on Defendant's private island, CocoCay.

25. Plaintiff was injured due to the fault and/or negligence of Defendant, RCCL, and/or its agents, servants, and/or employees as follows:

   a. Installing pathways that were inherently and unreasonably dangerous for passengers to use; and/or

   b. Failing to keep and maintain the pathways in a reasonably safe condition, so as to help prevent hazards to its passengers; and/or

   c. Failing to inspect, clean, keep and maintain the area, including the pathways, in a reasonably safe condition; and/or

   d. Failing to install proper and reasonable safeguards to prevent passengers from being injured when traversing the subject area; and/or

   e. Failing to take proper precautions for the safety of passengers entering the subject area; and/or

   f. Failing to warn Plaintiff of the risk-creating conditions of the pathways; and/or

   g. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the area; and/or

h. Failing to adequately train its employees to keep the pathways clean and free of hazards; and/or

i. Failing to employ sufficient employees or adequately trained employees to properly inspect, repair, clean, and maintain the area of the island where Plaintiff's incident occurred, and Defendant knew or should have known that the resort was inadequately staffed; and/or

j. Failing to treat the pathways, and the adjacent areas, to prevent them from becoming unreasonably slippery, sticky, or otherwise unreasonably dangerous; and/or

k. Failing to properly and adequately supervise and/or assist the passengers traversing the subject area; and/or

l. Failing to promulgate and/or enforce rules, restrictions, or procedures to ensure the safety of passengers traversing the subject area; and/or

m. Failing to warn Plaintiff and other passengers of prior similar incidents; and/or

n. Failing to respond adequately to prior similar incidents and take corrective measure; and/or

o. Failing to prevent improper and dangerous use of the pathways; and/or

p. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

q. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

r. All other acts or omissions constituting a breach of the duty to use reasonable care

revealed through discovery.

26. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

27. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

28. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. In addition, Plaintiff lost the benefit of her vacation, cruise, and transportation costs.

29. The losses are either permanent or continuing in nature.

30. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JOCELYN EPPERSON, demands judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II –
## VICARIOUS LIABILITY
## FOR THE NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

31. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 17 as if set forth herein.

32. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

33. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

34. At all times material, the ship's medical staff (including its doctors and nurses), and the ship's crew, were full time employees and agents of Defendant, subject to its direction and control, who were engaged in the activity of discharging Defendant's obligation to make such medical aid and assistance available to its passengers as would an ordinarily prudent person under the circumstances.

35. Defendant directly paid the ship's medical personnel and regular crew a salary (i.e., payment by time) for their work in the ship's hospital and in treating passengers.

36. Defendant directly provided, and operated, the medical center to be used by the ship's medical personnel as well as all of the medical machinery, equipment, drugs and supplies to be used therein, regularly stocking and restocking same.

37. Defendant collected all medical revenues directly from passengers and generated a profit on the sale of medical services, supplies, and equipment made by the ship's medical personnel to the passengers of the vessel.

38. The ship's medical personnel were members of the ship's crew; they were subject to the ship's discipline; they were required to wear the ship's uniforms; they (and, in particular, the ship's doctors) were members of the ship's officer's compliment, and at all times they were subject to termination or other discipline by Defendant.

39. Defendant provided the ship's medical personnel certain forms of liability insurance and/or indemnification rights.

40. Defendant breached its duties, and was negligent by failing to adequately examine, diagnose, and/ or treat Plaintiff's injuries in a timely manner.

41. Furthermore, Defendant breached its duties, and was negligent because the doctors and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

42. Defendant also breached its duties, and was negligent by failing to adequately supply its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

43. Moreover, Defendant breached its duties, and was negligent by failing to timely airlift, medivac, and/or disembark Plaintiff, and/or by otherwise failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment she needed in a reasonable amount of time.

44. Additionally, at all times material hereto, Defendant was careless, negligent, and breached its duties as follows:

    a. Failing to timely attend to the Plaintiff and her injuries after her incident;

    b. Failing to provide reasonable medical care;

    c. Failing to properly treat, and care for the Plaintiff;

    d. Failing to reasonably diagnose the Plaintiff's injuries; and/or

    e. Failing to properly examine the Plaintiff's injuries.

45. At all times material hereto, the aforementioned acts or omissions on the part of the Defendant fell below the standard of care.

46. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

47. Defendant, through its employees and agents, to wit, the ship's medical staff, knew or should have known that the medical procedures they employed violated reasonable standards of medical care.

48. As a direct, proximate, and foreseeable result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money.

49. The losses are either permanent or continuing in nature.

50. Plaintiff has suffered these losses in the past, and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JOCELYN EPPERSON, demands judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### COUNT III
### ASSUMPTION OF DUTY –
### NEGLIGENCE OF THE SHIP'S MEDICAL STAFF

51. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 17 as if set forth herein.

52. The Defendant owed Plaintiff the duty to exercise reasonable care under the circumstances for the safety of its passengers.

53. Such duties include, but are not limited to, providing such medical care and assistance as would an ordinarily prudent person under the circumstances.

54. Defendant elected to discharge this duty by having Plaintiff seen by its own ship's

doctors and/or other crew members.

55. As such, Defendant voluntarily assumed a duty for the benefit of Plaintiff to use reasonable care in the provision of medical services to the Plaintiff.

56. Defendant breached its duties, and was negligent by failing to adequately examine, diagnose, and/ or treat Plaintiff's injuries in a timely manner.

57. Furthermore, Defendant breached its duties, and was negligent because the doctors and/or other crew members that were responsible for treating Plaintiff lacked adequate experience in treating injuries such as the one Plaintiff suffered.

58. Defendant also breached its duties and was negligent by failing to adequately supply its medical center to be able to adequately examine, diagnose, and treat Plaintiff's injuries.

59. Moreover, Defendant breached its duties, and was negligent by failing to timely airlift, medivac, and/or disembark Plaintiff, and/or by otherwise failing to take proper measures to ensure that Plaintiff was able to obtain the medical treatment she needed in a reasonable amount of time.

60. Additionally, at all times material hereto, Defendant was careless, negligent, and breached its duties as follows:

   a. Failing to timely attend to the Plaintiff and her injuries after her incident;
   b. Failing to provide reasonable medical care;
   c. Failing to properly treat, and care for the Plaintiff;
   d. Failing to reasonably diagnose the Plaintiff's injuries; and/or
   e. Failing to properly examine the Plaintiff's injuries.

61. At all times material hereto, the aforementioned acts or omissions on the part of the Defendant fell below the standard of care.

62. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for

Defendant's negligence, Plaintiff's injuries would have been prevented or substantially lessened.

63. Defendant, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

64. As a direct, proximate, and foreseeable result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money.

65. The losses are either permanent or continuing in nature.

66. Plaintiff has suffered these losses in the past, and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JOCELYN EPPERSON, demands judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### COUNT IV –
### APPARENT AGENCY AS TO DEFENDANT, RCCL, FOR THE ACTS OF THE SHIP'S MEDICAL STAFF

67. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 17 as if set forth herein.

68. At all times material hereto, the ship's medical staff were represented to the Plaintiff and the ship's passengers as employees and/or agents and/or servants of Defendant, in that:

    a. The medical staff wore a ship's uniform;

    b. The medical staff ate with the ship's crew;

    c. The medical staff was under the commands of the ship's officers;

    d.    The medical staff worked in the ship's medical department;

    e.    The medical staff was paid a salary by Defendant;

    f.    The medical staff worked aboard the vessel;

    g.    The medical staff spoke to the Plaintiff as though they had authority to do so by Defendant.

69. At no time did Defendant represent to the Plaintiff in particular, or the ship's passengers in general, in a meaningful way that the vessel's medical staff were not agents or employees of Defendant.

70. At all material times, Plaintiff reasonably relied on the representations to Plaintiff's detriment that the medical staff were employees, and/or agents, and/or servants of Defendant.

71. It was reasonable to believe that the medical staff were Defendant's agents because they wore a ship's uniform. In addition, at all times material, the medical staff spoke and acted as though they were authorized to do so by Defendant.

72. This reasonable reliance was detrimental because it delayed Plaintiff from receiving proper medical treatment and/or Plaintiff would not have gone on the subject cruise with Defendant had Plaintiff known that the medical staff on the ship were not Defendant's agents.

73. Defendant is estopped to deny that the medical staff were its apparent agents, and/or apparent employees, and/or apparent servants.

74. Defendant had a duty to provide Plaintiff with reasonable care under the circumstances and through the acts of its apparent agent breached its duty to provide Plaintiff with reasonable care under the circumstances.

75. Plaintiff's injuries were caused and/or exacerbated/accelerated due to the fault and/or negligence of Defendant through the acts of its apparent agents as follows:

    a.    Failing to timely attend to the Plaintiff and her injuries after her incident;

    b.    Failing to provide reasonable medical care;

  c. Failing to properly treat, and care for the Plaintiff;

  d. Failing to reasonably diagnose the Plaintiff's injuries; and/or

  e. Failing to properly examine the Plaintiff's injuries.

76. At all times material hereto, the aforementioned acts or omissions on the part of the Defendant fell below the standard of care.

77. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred and/or said injuries would have been substantially lessened.

78. Defendant, through its employees and agents, to wit, the ship's medical staff, knew, or should have known, that the medical procedures they employed violated reasonable standards of medical care.

79. As a direct, proximate, and foreseeable result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of ability to earn money.

80. The losses are either permanent or continuing in nature.

81. Plaintiff has suffered these losses in the past, and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, JOCELYN EPPERSON, demands judgment against Defendant, ROYAL CARIBBEAN CRUISES LTD., for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, JOCELYN EPPERSON, demands trial by jury on all issues so triable.

Dated: April 20, 2020

Respectfully submitted,

/s/ Spencer M. Aronfeld
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias Hayashi, Esq.**
Florida Bar No.: 115973
mhayashi@aronfeld.com
**ARONFELD TRIAL LAWYERS**
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198
***Attorneys for Plaintiff***